IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-60600
Summary Calendar
_____

SAM E SCOTT,

Petitioner-Appellant,

v.

COMMISSIONER OF INTERNAL REVENUE,

Respondent-Appellee.

_____

Appeal from the United States Tax Court
(21525-94)
_____

June 3, 1999

Before KING, Chief Judge, DUHÉ and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

Taxpayer Sam Scott filed a petition in the tax court
challenging a deficiency determination and assessment of
penalties by the Internal Revenue Service (IRS) relating to
Scott's 1991 income tax return. Specifically, the IRS: (1)
denied Scott a $121,500 loss deduction due to his withdrawal from
his law firm partnership, (2) determined that Scott received a
taxable distribution of $85,455 from his law firm's 401(k) plan
and assessed a ten percent early-withdrawal penalty, (3) denied

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Scott a $33,943 investment interest deduction, (4) assessed a penalty under 26 U.S.C. § 6651(a)(1) for failure to timely file, and (5) assessed an accuracy-related penalty under 26 U.S.C. § 6662. Scott argued to the tax court that: (1) the $121,500 loss represents the value of accounts received, work in progress, and other assets that he "left on the table" when he departed the law firm, (2) he was not properly notified of the taxable distribution from his account with the firm's 401(k) plan, (3) his interest deduction should be allowed under 26 U.S.C. § 163 as interest incurred in the conduct of a trade or business, (4) he timely filed his 1991 return following two extensions granted by the IRS, and (5) he had reasonable cause for understating his tax obligation on his 1991 return. In a thorough and well-reasoned opinion, the tax court considered and rejected each of these arguments, ordered that there is a deficiency in Scott's tax due in the amount of $73,053, and assessed $26,924 in penalties. See Scott v. Commissioner, 74 T.C.M. (CCH) 1157, 1157-64 (1997).

On appeal, Scott again asserts that his 1991 income tax return is accurate and that he should not be ordered to pay either a deficiency or penalty, relying on the same arguments that he made to, and were rejected by, the tax court. We have carefully reviewed these arguments, the record, and relevant legal principles, and we find no reason to set out anew what the tax court has already thoroughly explained. We therefore AFFIRM the judgment of the tax court.